**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-00539-01-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| Aaron Anthony Ordonez, | |
| Defendant. | |

Defendant Aaron Anthony Ordonez was convicted by a jury on five counts of distributing of child pornography and one count of possessing child pornography, and was sentenced to 168 months in custody. Doc. 136. He has appealed his conviction, and recently filed an emergency motion for release from custody pending appeal. Doc. 144.

Defendant's motion argues that he is not likely to flee or pose a danger to the community, that his appeal presents a "substantial question of law or fact" likely to result in reversal or a new trial, and that he therefore should be released pending appeal under 18 U.S.C. § 3143(b)(1)(A) and (B). Doc. 144 at 3-9. The motion focuses on the alleged ineffectiveness of Defendant's trial counsel, the conditions under which Defendant was held and questioned after his arrest, the restitution ordered at sentencing, defects in the government's evidence, and other alleged trial errors. *Id.* But even if the Court was persuaded that Defendant could satisfy the requirements of subparts (A) and (B) of § 3143(b)(1), he would not be entitled to release because the statute provides that a person

convicted of a crime of violence as listed in § 3142(f)(1)(A) shall "be detained." 18 U.S.C. § 3143(b)(2). Defendant admits in his reply brief that his offenses constitute crimes of violence and that the mandatory detention provision applies. Doc. 149 at 4. As a result, Defendant may be released pending appeal only if, in addition to satisfying the requirements of § 3143(b)(1)(A) and (B), he "clearly show[s] that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

The Court does not find that Defendant's various appeal arguments – ineffective assistance of trial counsel, improper pretrial questioning and detention, insufficiency of evidence, improper restitution, etc. – individually or collectively constitute "exceptional reasons" for his pretrial release. These arguments are similar to points raised on appeal by many defendants following their convictions, and the Court does not find them so meritorious in this case as to make them exceptional.

Defendant makes two other points in support of his request for emergency relief: (1) the current COVID-19 pandemic, and (2) that he "was a patient at B-Healthy Clinic in Phoenix where he was about to undergo testing to see if he had lupus or multiple sclerosis (MS)," but "never completed the testing because he was arrested in August 2019." Doc. 144 at 2. Defendant asserts that his possible lupus or MS place him at greater risk if he contracts COVID-19 in prison. *Id.* at 10.

Defendant's motion did not attach medical records to support his assertion of a possible autoimmune disease, and the Court ordered him to provide such records with his reply. Doc. at 148. Defendant did so (Doc. 149-1), and the Court has reviewed the records. The Court is not persuaded that Defendant has "clearly shown that there are exceptional reasons why [his] detention would not be appropriate." 18 U.S.C. § 3145(c).

The medical records show medical office visits in January, February, and March of 2018. On January 26, 2018, Defendant reported that he had suffered as serious back injury eight years earlier in the military. He complained of nerve pain in his legs, arm, and face, tremors, nodular joints in his fingers, and finger swelling. Doc. 149-1 at 2-3. Defendant stated that he wanted to see a neurologist. The nurse practitioner ordered various tests,

including a CT scan, and observed that Defendant had not previously been tested for autoimmune disorders.

Defendant's second appointment was on February 23, 2018, to get the results of his CT scan. *Id.* at 5-6. He reported no change in his condition. He had seen the neurologist, and had been prescribed medication which helped with his nerve pain. Defendant's scans showed some spinal degenerative conditions, consistent with his ongoing back problems. Doc. 149-1 at 22.

On March 17, 2018, Defendant presented with itching and hives that he attributed to a new body wash he was using. *Id.* at 7-8. He complained of neck and left hip pain and noted that he had fallen in the shower.

Defendant's last appointment was on March 28, 2018. *Id.* at 9. He reported missing his neurology appointment due to severe pain and an inability to get out of bed, and stated that he was discharged by his neurologist and needed a new one.

Replying on these reports, Defendant claims that he may have lupus or MS and therefore is at greater risk if he contracts COVID-19 in prison. As support, Defendant notes that the nurse practitioner in his first appointment observed that he had never been tested for autoimmune disease. Defendant also asserts that he has various telltale signs of such disease: pain, fatigue, swelling, skin rashes, and a high Sedimentation Rate-Westergren reading in one of his blood tests. Doc. 149 at 2-3. But Defendant was never diagnosed with an autoimmune disease and does not identify any preliminary conclusion by a nurse or doctor that he suffered from such an illness.

Defendant's motion argues that "he was about to undergo testing to see if he had lupus or multiple sclerosis," but "never completed the testing because he was arrested in August 2019." Doc. 144 at 2. This argument is not credible. Defendant's medical appointments occurred from January 26 through March 17, 2018. He was arrested about two weeks after his last appointment, on April 4, 2018. Doc. 1. When interviewed after his arrest for a Pretrial Services Bail Report, and asked about his health, Defendant mentioned his back injury and the fact that he was awaiting further x-rays and an

appointment with a neurologist. But the report does not indicate that he mentioned concerns about lupus or MS or that he was planning to undergo tests for autoimmune disease. Doc. 4. At his detention hearing on April 10 – a recording of which the Court has reviewed – Defendant's counsel made no argument that Defendant should be released for further medical testing. Counsel instead simply submitted the issue of detention on the basis of the Bail Report which mentioned only Defendant's back problem. When Defendant later filed a motion for release from custody, he again cited his back injury and the need for back treatment and made no mention of autoimmune testing. Doc. 44.

Defendant was released from pretrial custody on February 1, 2019. Doc. 54. He was re-arrested more than six months later for violating his pretrial release. Docs. 93, 95. Even though he was entitled to medical care through the Veteran's Administration (*see* Doc. 44 at 3), he has provided no evidence that he sought any additional testing for lupus or MS during the more than six-months of pretrial release. In the midst of this release Defendant asked the Court to remove a location monitoring condition so that he could receive needed back treatments, but again made no mention of any other needed medical testing. Doc. 71.

In short, the Court cannot accept Defendant's assertion that he has serious concerns about lupus or MS, and failed to receive the needed testing only because he was arrested. Doc. 144 at 2. Defendant never mentioned any of these concern during several opportunities related to his detention and release, and never sought additional testing during the six months of his pretrial freedom.

The Court has reviewed the Ninth Circuit's primary guidance on § 3145(c) found in *United States v. Garcia*, 340 F.3d 1013 (9th Cir. 2003). For reasons explained above, Defendant has not shown that he is "severely ill or injured" or that his condition would "render the hardships of prison unusually harsh" for him. *Id.* at 1019. Although the COVID-19 pandemic presents legitimate health concerns for Defendant, the prison population, and the public at large, the Court does not find that it presents a higher risk to Defendant than to other inmates. Defendant has not shown that he suffers from an illness

that would make him more vulnerable to the disease. Nor has he otherwise shown the existence of exceptional reasons as discussed in *Garcia*.[1]

As the Ninth Circuit has instructed:

> [W]e must emphasize that in all cases governed by § 3145(c), the exception applies only where justified by exceptional circumstances. Hardships that commonly result from imprisonment do not meet the standard. The general rule must remain that conviction for a covered offense entails immediate incarceration. Only in truly unusual circumstances will a defendant whose offense is subject to the statutory provision be allowed to remain on bail pending appeal.

*Id.* at 1022.

**IT IS ORDERED** that Defendant's Emergency Motion for Bail Pending Appeal (Doc. 144) is **denied**.

Dated this 3rd day of April, 2020.

*David G. Campbell*
David G. Campbell
Senior United States District Judge

---

[1] Defendant does not argue, for example, that his crime was aberrational. *Id.* at 2019. Nor could he, as he distributed child pornography on at least five different occasions and admitted in his interview with law enforcement that he had accessed child pornography in previous years on the internet.